IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


DAVID D. HOLT,                                    Case No. 1:18 CV 2996

                              Plaintiff,          OPINION & ORDER

              -vs-
                                                  JUDGE JAMES S. GWIN
BEDFORD MUNICIPAL
COURT, *et al*.,

                              Defendants.



    *Pro se* Plaintiff David Holt has filed this civil rights action under 42 U.S.C. § 1983 against

the Bedford Municipal Court; Bedford Municipal Court Judge Brian J. Melling; Bedford Heights

Assistant Law Director and Assistant Prosecutor Deborah M. Turner; and Bedford Heights Law

Director and Prosecutor Ross S. Circincione.  Plaintiff claims that the Defendants violated his

constitutional rights in connection with his 2012 arraignment and conviction for disorderly conduct

in Bedford Municipal Court.[1]  He demands that the conviction be set aside and seeks $555 million

in damages.[2]  Plaintiff also has filed a motion to proceed *in forma pauperis*;[3] that motion is granted.

For the following reasons, the complaint is dismissed.

---

[1] (Doc. 1.)

[2] (*Id*. at 6.)

[3] (Doc. 2.)

## BACKGROUND

According to the complaint, and as best this Court can discern, Holt appeared before former Bedford Municipal Court Judge Harry Jacob III on May 21, 2012, for arraignment on a disorderly conduct charge.[4] Holt alleges that at that proceeding, the judge never offered him a court-appointed attorney; Holt never "formally" entered a plea; and Defendant Bedford Heights Assistant Law Director and Assistant Prosecutor Deborah Turner was not present and never prosecuted the case.[5] Holt asserts that Judge Jacob "amended Holt's charge and falsified court documents to indicate the prosecutor recommended the change."[6] The judge apparently entered a judgment against Holt at the proceeding.[7]

Holt further alleges that in September 2014, Judge Jacob was tried and found guilty of two counts of falsification related to the judge's actions at the May 21, 2012, proceeding in Holt's case.[8]

Holt now asserts five claims for relief, alleging: (1) Defendants Bedford Municipal Court and Bedford Municipal Court Judge Brian Melling violated his due process rights by conducting improper court procedures and refusing to rectify Judge Jacob's misconduct in Holt's 2012 criminal case; (2) Assistant Prosecutor Turner never prosecuted his 2012 criminal case and failed to rectify Judge Jacob's misconduct in that case once she was aware of it because, as a future judicial

---

[4] (Doc. 1 at 4-5.)

[5] (*Id*.)

[6] (*Id*.)

[7] (*Id.* at 6.)

[8] (*Id*. at 5.)

candidate, she had a "special interest" in withholding the information; (3) Assistant Prosecutor Turner, Defendant Bedford Heights Law Director and Prosecutor Ross Circincione, and Judge Melling violated his due process rights by failing to correct the court records relating to Holt's 2012 criminal case despite having knowledge of Judge Jacob's criminal prosecution; (4) Judge Melling violated his due process rights by failing to correct the court records relating to Holt's 2012 criminal case despite having knowledge that Holt never entered a plea in the case; and (5) Law Director and Prosecutor Circincione was biased because he had been a magistrate at the Bedford Municipal Court since at least 2012 while Judges Jacob and Melling presided on that court.[9]  Holt asserts that these due process violations occurred not only at the May 21, 2012, proceeding, but when the Bedford Municipal Court denied motions he filed relating to the violations on April 8, 2014; May 9, 2014; July 14, 2014; September 10, 2014; April 29, 2015; June 24, 2015; August 31, 2015; and December 22, 2016.[10]

## STANDARD OF REVIEW

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed.[11]  Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or

---

[9] (*Id.*)

[10] (*Id.*)

[11] *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

3

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[12]

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13] The "allegations must be enough to raise a right to relief above the speculative level . . . ."[14] And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."[15]

**DISCUSSION**

Holt's complaint is dismissed on three grounds.

### A. Defendants are immune from liability

To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States.[16] Each of the Defendants, however, is immune from liability under that provision.

---

[12] 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[13] *Id*. at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)).

[14] *Twombly*, 550 U.S. at 555.

[15] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[16] *E.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

The Bedford Municipal Court is immune from this suit. "The State of Ohio is insulated from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution."[17] The Sixth Circuit has held that Ohio county and municipal courts are arms of the state and therefore immune from suit under the Eleventh Amendment.[18] The Bedford Municipal Court, therefore, is entitled to sovereign immunity.

Bedford Municipal Court Judge Brian Melling also is immune from this action. Judicial officers generally are absolutely immune from civil suits for money damages.[19] They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.[20] For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or

---

[17] *Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997).

[18] *See id*. at 269; *Ward v. City of Norwalk*, 640 Fed. App'x 462, 465 (6th Cir. 2016). *See also Greenlee v. Hannah*, No. 3:14cv298 (S.D. Ohio Sept. 17, 2015) ("this court specifically [has] held that an Ohio municipal court 'is an arm of the state for the purposes of Eleventh Amendment immunity'"). The law is somewhat unsettled in this area in the wake of rulings from the United States Supreme Court emphasizing the need to consider whether the state would be legally liable for any judgment in a sovereign-immunity analysis. *See Alkire v. Irving*, 330 F.3d 802, 812 (6th Cir. 2003) (citing *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 430 (1997); *Hess v. Port Auth. Trans-Hudson Corp*., 513 U.S. 30 (1994)). Nonetheless, the Sixth Circuit has not overruled its prior decisions finding state courts in Ohio to be arms of the state for purposes of Eleventh Amendment immunity. *See Ward*, 640 Fed. App'x at 465 ("*Alkire's* emphasis on the source-of-payment factor does not change the conclusion that the Norwalk Municipal Court is an arm of the state for § 1983 and Eleventh Amendment purposes"); *Triplett v. Connor*, 109 F. App'x 94, 96 n.4 (6th Cir. 2004) (while acknowledging "some doubt about the continued validity of *Mumford*'s reasoning," the court held that "[w]e have not, however, decided that *Mumford* was incorrect").

[19] *E.g., Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

[20] *Barnes*, 105 F.3d at 1115.

she presides.[21]  A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority.[22]  Neither exception to judicial immunity applies here, and Judge Melling is immune from Holt's claims against him.

Bedford Heights Assistant Law Director and Assistant Prosecutor Deborah Turner and Director of Law and Prosecutor Ross Circincione also are immune from this suit.  Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case.[23]  A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court.[24]  This duty could not properly be performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages.[25]  These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate.[26]

Each of the Defendants, therefore, is immune from liability in this action, and the complaint must be dismissed on that ground.

---

[21] *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.

[22] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

[23] *E.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

[24] *Imbler*, 424 U.S. at 424.

[25] *Id.* at 424-25.

[26] *Id.* at 425.

## B. Plaintiff's Claims are Barred Because They Attack a Prior Criminal Conviction

The complaint also must be dismissed because it fails to allege any plausible constitutional claim upon which Holt may be granted relief under § 1983. A plaintiff cannot bring a § 1983 action if a ruling on his claims would necessarily imply the invalidity of his conviction, unless his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.[27] "This ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions."[28]

Holt does not allege that his 2012 case has been overturned or called into question through other processes. Therefore, to the extent that Holt alleges that the Bedford Municipal Court should have set aside a conviction because it was invalid, his § 1983 claims are barred by *Heck*.

## C. Plaintiff's Claims are Time-Barred

Finally, Holt's complaint must be dismissed because it is clear on the face of the complaint that the statute of limitations on Holt's claims expired before he filed this action. There is a two-year statute of limitations on claims raised under § 1983.[29] Holt alleges the due process violations

---

[27] *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994).

[28] *S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 637 (6th Cir. 2008).

[29] *See Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985) (holding that federal courts must apply the state statute of limitations for personal injury actions to § 1983 claims); *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (Ohio's two-year statute of limitations for personal injury claims applies to § 1983 actions).

at issue here occurred between May 21, 2012, and December 22, 2016. Yet he did not file this complaint until December 31, 2018, after the two-year limitations period expired on his claims. Holt's claims, therefore, are time-barred, and the complaint must be dismissed for that reason as well.[30]

### CONCLUSION

Accordingly, Holt's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) as time-barred and for failure to state a claim upon which relief may be granted. This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: March 21, 2019                    s/      *James S. Gwin*
                                         JAMES S. GWIN
                                         U.S. DISTRICT JUDGE

---

[30] *See Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at \*1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* §1983 action filed after two-year statute of limitations for bringing such an action had expired).